UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JUNG MIN KANG,<br><br>Defendant. | CASE NO. CR17-0229JLR<br><br>ORDER DENYING MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(C)(1)(A) |

## I. INTRODUCTION

Before the court is *pro se* Defendant Jung Min Kang's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1). (Mot. (Dkt. # 445); Reply (Dkt. # 467).) Plaintiff the United States of America ("the Government") opposes Mr. Kang's motion. (Resp. (Dkt. # 455).) The court has considered Mr. Kang's motion, the parties' submissions in support of and in opposition to the motion, the relevant portions of the record, and the applicable law. Being fully advised, the court DENIES Mr. Kang's motion.

ORDER - 1

## II. BACKGROUND

The investigation and prosecution of Mr. Kang began when the Drug Enforcement Agency ("DEA") and the Seattle Police Department ("SPD") identified Mr. Kang while conducting a wiretap investigation into a drug trafficking organization led locally by Francisco Ruelas-Payan. (*See* Resp. at 2; Gov. Memo ISO Detention (Dkt. # 51) at 1.) Mr. Kang was repeatedly intercepted over the wiretap ordering half pound quantities of heroin from Mr. Ruelas-Payan. (Resp. at 2 (noting that Mr. Kang was also intercepted discussing obtaining pound quantities of methamphetamine).) During Mr. Kang's arrest in September 2017, agents searched his residence and recovered "three firearms[,] ammunition and magazines, drug packaging, bags with residue, cutting agents, and a money counter." (*Id.*; *see also* Second Superseding Indictment (Dkt. # 167) at 16.)

Mr. Kang was arrested and charged with conspiracy to distribute controlled substances and felon in possession of a firearm. (*See* Second Superseding Indictment at 1, 16.) The felon in possession of a firearm charge was based on Mr. Kang's March 2007 convictions for possession of a controlled substance with intent to deliver (methamphetamine) and possession of stolen property, both crimes punishable by imprisonment for a term exceeding one year. (*See id.* at 16; *see also* Sentencing Recommendation (Dkt. # 344) (sealed) at 3 (noting that he served 50 months for his 2007 convictions).) Mr. Kang pleaded guilty to conspiracy to distribute controlled substances and felon in possession of a firearm pursuant to the terms of a plea agreement. (*See* Plea Agreement (Dkt. # 233).)

//

1  On February 21, 2019, the court sentenced Mr. Kang to 120 months of
2  imprisonment and five (5) years of supervised release. (Judgment (Dkt. # 413); *see also*
3  Presentence Report (Dkt. # 345) (sealed) (finding the guideline term of imprisonment to
4  be 120 months because even though Mr. Kang's sentencing guideline range was 84 to
5  105 months, the conspiracy to distribute controlled substances charge carried a
6  mandatory minimum of 10 years).) He was remanded into custody following his
7  sentencing hearing and has completed 32 months of that sentence. (*See* 2/21/19 Minute
8  Entry (Dkt. # 412).)

### III.  ANALYSIS

10  Mr. Kang now asks the court to reduce his 120-month sentence to "the low end of
11  the sentencing guideline range of 84-105 months." (*See generally* Mot.; Reply at 1-2.)
12  The court begins by setting forth the standard of review before turning to its analysis of
13  Mr. Kang's motion.

14  **A.  Standard for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A)**

15  A court generally may not correct or modify a prison sentence once it has been
16  imposed, unless permitted by statute or by Federal Rule of Criminal Procedure 35.
17  *United States v. Penna*, 315 F.3d 509, 511 (9th Cir. 2003); *see also Dillon v. United*
18  *States*, 506 U.S. 817, 824-25 (2010). One such statute is 18 U.S.C. § 3582(c)(1), which
19  governs motions for sentence reduction and compassionate release. *See United States v.*
20  *Fuller*, No. CR17-0324JLR, 2020 WL 1847751, at * 2 (W.D. Wash. Apr. 13, 2020). 18
21  U.S.C. § 3582(c)(1), as amended by the First Step Act of 2018, provides the court with
22  authority to reduce a sentence upon the motion of an inmate if three conditions are met:

(1) the inmate has either exhausted their administrative appeal rights of the Bureau of Prisons' ("BOP") failure to bring such a motion on the inmate's behalf or has waited until 30 days after the applicable warden has received such a request; (2) the inmate has established "extraordinary and compelling reasons" for the requested sentence reduction; and (3) the reduction is consistent with "applicable policy statements" issued by the United States Sentencing Commission. *See* 18 U.S.C. § 3582(c)(1)(A)(i); *see also Riley v. United States*, No. C19-1522JLR, 2020 WL 1819838, at *5 (W.D. Wash. Apr. 10, 2020). It also instructs the court to consider the sentencing factors set forth in 18 U.S.C. § 3553(a) when deciding whether a reduction in sentence is appropriate. 18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission's policy statement referenced in 18 U.S.C. § 3582(c)(1)(A)(i) provides, in relevant part, that a defendant may be eligible for a sentence reduction if "extraordinary and compelling reasons warrant the reduction"; the "defendant is not a danger to the safety of any other person or to the community"; and the "reduction is consistent with this policy statement." U.S.S.G. § 1B1.13; *id.* cmt. n.1 (outlining four categories of circumstances that may constitute "extraordinary and compelling reasons" for a sentence reduction).

The Ninth Circuit, however, has held that United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13 "is not an 'applicable policy statement' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021). Therefore, the "Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a

defendant, but they are not binding." *Id.*; *see also United States v. Van Cleave*, No. CR03-0247RSL, 2020 WL 2800769, at *5 (W.D. Wash. May 29, 2020) (referring to the policy statement as "persuasive, but not binding").

**B.     Exhaustion of Administrative Remedies**

Before considering the merits of Mr. Kang's motion, the court must determine whether he has met the statutory exhaustion requirement for a reduction in sentence. *See* 18 U.S.C. § 3582(c)(1)(A). Mr. Kang made a request for a reduction in sentence to the warden at Federal Correctional Institution ("FCI")-Herlong on May 31, 2021, which was denied on June 21, 2021. (*See* Mot. at 3-4, 37 (containing a copy of the warden's denial letter).) Mr. Kang then filed this motion in September 2021—more than 30 days after he submitted his request to the warden. (*See generally* Mot.) The court finds the statutorily required 30-day period has expired, and Mr. Kang's motion is properly before the court.[1]

**C.     Extraordinary and Compelling Circumstances**

The court must next determine whether "extraordinary and compelling" circumstances warrant a reduction of Mr. Kang's term of imprisonment. *See* 18 U.S.C. § 3582(c)(1)(A)(i). Mr. Kang bears the burden of establishing that "extraordinary and compelling reasons" exist that justify a reduction in sentence. *See United States v. Suryan*, No. CR19-0082RAJ, 2021 WL 3510423, at *2 (W.D. Wash. Aug. 10, 2021). Mr. Kang argues that he is entitled to a reduction in sentence for the following primary reasons: (1) his sentence was "unusually harsh" for his "non-violent conduct"; (2) his

---

[1] The Government does not dispute that Mr. Kang complied with § 3582(c)(1)(A)'s exhaustion requirement. (Resp. at 7.)

ORDER - 5

defense counsel failed to make certain arguments at sentencing; (3) if the Government had arrested him earlier, he would have faced a lower sentence; (4) his felon-in-possession conviction was improper in light of the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019); (5) his "exceptional performance" in prison; (6) the impact COVID-19 has had on his conditions of confinement; and (7) his asthma has been inadequately treated and makes him more vulnerable to COVID-19.[2] (*See* Mot. at 12-33; *see also* Reply at 2 (noting that the second and third arguments in his motion were not intended to be "grounds for a reduction").) The court addresses each of these rationales in turn.

In his first four arguments, Mr. Kang contends that his sentence was unduly harsh, his counsel failed to make two "key" arguments during sentencing that would have reduced his sentence, his sentence would have been lower if the Government had arrested him sooner, and he should not have been convicted of the felon-in-possession charge in light of *Rehaif*, which the Supreme Court issued after he was convicted. (*See* Mot. at 12-23.) The court, however, agrees with the Government's contention that Mr. Kang's first four arguments attack his sentence and underlying conviction and therefore are not grounds for a reduction in sentence. (*See* Resp. at 4, 7-8.) The appropriate mechanism for Mr. Kang to raise arguments that attack his sentence and underlying conviction is a

---

[2] In his reply, Mr. Kang alleges that the second and third arguments in his motion were not intended to be "grounds for a reduction," but were merely examples of "different possible arguments that could have been raised to seek [a] more appropriate drug offense that accurately reflects [Mr.] Kang's relevant conduct." (*See* Reply at 2.) The court, however, will still review these arguments in determining whether "extraordinary and compelling reasons" exist.

petition under 28 U.S.C. § 2255.  *See, e.g.*, 28 U.S.C. § 2255; *Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000) (noting that challenges to the legality or validity of a defendant's sentence and/or underlying conviction are appropriately brought under § 2255); *Gillespie v. United States*, No. EDCR 08-00218-VAP, 2014 WL 12722173, at *3 (C.D. Cal. Aug. 29, 2014) (same).  However, Mr. Kang's one-year time period for filing a § 2255 petition has elapsed, and such claims are now time-barred.  28 U.S.C. § 2255 (requiring a § 2255 petition be filed within one year of the date the conviction becomes final); *United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001) (noting that a conviction is "final" under § 2255 when the time to file a notice of appeal expires, which is fourteen days after the entry of judgment, and the defendant has not timely appealed); (*see* Judgment at 1 (entered February 21, 2019)).  Even if these arguments were not time-barred, the court finds that they are without merit.

   Next, the court turns to Mr. Kang's fifth argument for a reduction in sentence, which focuses on his evidence of post-sentence rehabilitation.  Mr. Kang offers evidence of his "exceptional performance" in prison, including education courses he has completed during his incarceration; a tutor position that he holds; his completion of a 12-hour drug program; his application to the 40-hour non-Residential Drug Abuse Program; his lack of prison infractions since July 2018; and his "low" custody level.  (*See* Mot. at 23-26, Ex. 1 (sealed) at 1-3.  *But see* Resp. at 8, Ex. A (demonstrating that Mr. Kang was disciplined twice in prison before July 2018).)  Although the court commends Mr. Kang for taking these strides and does not intend to minimize his progress, such rehabilitative efforts are not "exceptional" and do not alone establish "extraordinary and compelling"

circumstances warranting a reduction.  28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" for a reduction in sentence.); *see also Suryan*, 2021 WL 3510423, at *3; *United States v. Cruz-Cruz*, No. CR13-0049RSL, 2021 WL 1968389, at *5 (W.D. Wash. May 17, 2021).

Finally, the court turns to Mr. Kang's last two arguments regarding the COVID-19 pandemic and his vulnerability to COVID-19 due to his allegedly untreated asthma.  (*See* Mot. at 27-33.)  The court need not reiterate the widely known information regarding the symptoms of COVID-19, the devastating global impact of the virus, and the unprecedented challenges COVD-19 created for federal prisons.  *See Cruz-Cruz*, 2021 WL 1968389, at *4.  Moreover, the court does not discount the dangers associated with COVID-19 nor the difficulties prisons face in preventing and containing outbreaks.  However, "extraordinary and compelling" circumstances are not established by "the mere elevated risk of contracting a pandemic virus in prison, even if such a higher risk exists." *See Riley*, 2020 WL 1819838, at *7; *Cruz-Cruz*, 2021 WL 1968389, at *4; *Van Cleave*, 2020 WL 2800769, at *6; *United States v. Carson*, No. CR06-5059RBL, 2020 WL 3896297, at *5 (W.D. Wash. July 10, 2020).  Therefore, the question is whether Mr. Kang's additional circumstances, combined with the COVID-19 pandemic and the conditions at FCI-Herlong, constitute "[e]xtraordinary and compelling reasons" warranting a reduction in sentence.  The court concludes that they do not.

Mr. Kang argues that his asthma has been inadequately treated by the BOP and makes him more vulnerable to COVID-19, thereby justifying a reduction in sentence. (Mot. at 29-33.)  However, Mr. Kang fails to support the central premise of his

argument—that he is at greater risk of COVID-19 complications.  Asthma might place individuals at higher risk from COVID-19, but only when the asthma is diagnosed as "moderate to severe."  *See United States v. Bondarenko*, No. CR18-0294RSM, 2021 WL 100719, at *3 (W.D. Wash. Jan. 12, 2021) (citing *COVID-19, People at Increased Risk, People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Oct. 25, 2021)).  Mr. Kang fails to demonstrate that he suffers from moderate to severe asthma to a degree that might lead to an increased risk of illness related to COVID-19.  (*See* Mot. at 29-33; Reply at 12-13 (alleging that his asthma is more than mild because he is a chronic care patient due to his asthma).  *But see* Ex. B to Resp. (Dkt. # 457) (sealed) at 7-9 (detailing Mr. Kang's single report of asthma issues, his ability to breathe normally without medication, and the relief his inhaler provides)); *see also United States v. Barnett*, No. CR18-0131RAJ, 2020 WL 6219358, at *4 (W.D. Wash. Oct. 22, 2020) (concluding that the defendant failed to establish that his asthma constituted extraordinary and compelling circumstances when the only evidence submitted, his medical records, "merely indicate that he suffers from a mild case of asthma that has not caused him any significant issues"); *Bondarenko*, 2021 WL 100719, at *3.  The court agrees with the Government's contention that "nothing in [Mr.] Kang's medical records show that his asthma is anything other than mild."  (*See* Resp. at 9-13 (citing *Classification of Asthma*, Univ. of Mich. Health (Oct. 26, 2020), https://www.uofmhealth.org/health-library/hw161158 (detailing the different levels of

asthma and their symptoms)); *see also* Ex. B to Resp. at 7-9 (detailing Mr. Kang's asthma-related medical history).)

At most, Mr. Kang has shown that COVID-19 reinfection is "theoretically possible" due to his asthma and history of smoking, but not that he is "vulnerable to severe complications as a result of reinfection." (*See* Mot. at 27-33); *see also United States v. Entz*, No. CR16-0327JCC, 2020 WL 3542862, at *3 (W.D. Wash. June 30, 2020). This is especially true in light of Mr. Kang's medical records, which demonstrate that he is fully vaccinated; he already had the virus and recovered; and the BOP is treating his asthma.[3] (*See* Ex. B to Resp. at 1-9 (detailing Mr. Kang's COVID-19 history, vaccination status, and renewed inhaler prescription)); *see also United States v. Seleznev*, No. CR11-0070RAJ, 2021 WL 4804614, at *3 (W.D. Wash. Oct. 14, 2021) (citing *Having SARS-CoV-2 Once Confers Much Greater Immunity Than a Vaccine—But Vaccination Remains Vital*, Science (Aug. 26, 2021), https://www.science.org/content/article/having-sars-cov-2-once-confers-much-greater-immunity-vaccine-vaccination-remains-vital); *United States v. Posey*, No. CR18-0280RSL, 2021 WL 4745523, at *5-6 (W.D. Wash. Oct. 12, 2021) (citing *Benefits of Getting Vaccinated*, CDC (Aug. 16, 2021), https://www.cdc.gov/coronavirus/2019-ncov/vaccines/vaccine-benefits.html).

---

[3] In his reply, Mr. Kang alleges, among other things, that his medical records fail to reflect that he was symptomatic when he had COVID-19 and that his asthma medication has not been refilled. (*See* Reply at 11, 13.) He argues that he had a range of symptoms when he contracted the virus but, by the time he was tested, his symptoms had decreased and were not noted in his medical records. (*See id.*) Mr. Kang also argues that his yearly asthma medication prescription expired on March 21, 2021 and has not been refilled. (*See id.*) However, his medical records indicate that he received another prescription in August 2021. (*See* Ex. B to Resp. at 9.) Even in light of these allegations, the court's conclusion remains the same.

Given the CDC's current position regarding the effectiveness of vaccination, Mr. Kang's vaccination status, Mr. Kang's recovery from COVID-19, and the lack of evidence demonstrating that his asthma is untreated or anything other than mild, the court finds that Mr. Kang's alleged COVID-19 vulnerability is not an "extraordinary and compelling" circumstance justifying a reduction in sentence. *See United States v. Finazzo*, No. CR 11-00383 LEK, 2021 WL 4391256, at *3 (D. Haw. Sept. 24, 2021) ("Finazzo's argument that it is possible that she may remain susceptible to infection despite her vaccination status is unavailing."); *Posey*, 2021 WL 4745523, at *5-6 ("Most courts have found that the Delta variant 'does not pose an extraordinary and compelling risk to vaccinated individuals.'"); *Benefits of Getting Vaccinated*, *supra*.

Considering all the factors Mr. Kang cites together, the court concludes that he fails to establish that "extraordinary and compelling reasons" warrant a reduction in his sentence.[4]

## IV.   CONCLUSION

For the foregoing reasons, the court DENIES Mr. Kang's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1) (Dkt. # 445).

//

//

//

---

[4] Having determined that Mr. Kang has not made the requisite showing of extraordinary and compelling reasons warranting reduction, the court need not analyze whether a reduction in Mr. Kang's sentence would be consistent with the factors set forth in 18 U.S.C. § 3553(a).

Dated this 9th day of November, 2021.

JAMES L. ROBART
United States District Judge